Killits, J.
This case* was submitted to the court last summer, a jury being waived, and for judgment the court found for the plaintiff in the sum of $57.10, and divided the costs, directing that all costs before the justice should be paid by defendant and all costs made in this court should be paid by plaintiff, because the record showed that plaintiff had recovered the same sum, $57.10, at *190 the hands of the justice and had appealed himself from that judgment, wherefore, following Section 6591, he should not recover his costs in this court. This judgment of this court, as to costs, was not satisfactory to either party, and each asked and obtained a re-hearing on that branch of the case, upon which the court now attempts a decision.
The plaintiff insists that he recovered more in the court of common pleas than he did before the justice, wherefore he should be allowed the costs made upon his appeal, and exhibits the record of the court below wherein it appears that, although giving him judgment for the same sum he recovers in this court, $57.10, the justice assessed him the costs below, whereas this court finds that those costs should be paid by the defendant.
The defendant contends that he should pay no costs whatever, in either court, because he offered to pay plaintiff the sum of $57.10 before suit was brought, under circumstances which he thinks entitles him to the benefit of Section 5139.
The question raised by plaintiff is an interesting one, and depends for its solution upon the scope of the statute providing appeals from a judgment of a justice, and the application of Section 6591 to the state of facts shown on these extracts from the justice’s docket. After setting out the verdict of the jury awarding plaintiff the sum of $57.10, the transcript follows:
“I do find from the evidence adduced that the said E. F. Stever made a tender of $57.10 in lawful money prior to the commencement of this action. The plaintiff then a,nd there refused to accept the money tendered as not being sufficient in amount. The tender was not made in writing and the money was not deposited in court at the time of trial. L. F. Orahood, J. P.
“Thereupon on said day it was by me considered that the plaintiff recover of said defendant the sum of $57.10 debt, and that the plaintiff J. IT. Gares pay the, costs of this action as taxed per margin. L. F. Orahood, J. P. ”
It further appears from the transcript that the plaintiff, in addition to perfecting an appeal, filed a motion for new trial and also a separate motion to retax costs, both of which motions were overruled and exceptions saved by plaintiff.
It needs no argument to show that the vice of the justice’s action in taxing costs to plaintiff was not the result of an error *191 of fact, blit an error in tbe application of law. The Supreme Court, in Bahmann v. Stoner, 59 Ohio State, 497, says that Section 5137, providing for tender, applies in justice cases, and that there, as in the higher courts, unless the tender is followed by a deposit before trial, it is not available to save costs. Therefore. the justice, upon the recitation of fact made in the transcript, above quoted, should have taxed the costs against defendant Stever, and, erring then, should have allowed- the motion made by Gares to re-tax. To that action of the justice undoubtedly error might have been successfully prosecuted in this court.
This question now presses- for answer, and the answer, we think, determines the contention respecting these costs: Suppose plaintiff was content with the recovery of $57.10 in his favor, and complained only of the erroneous taxing of costs, could he •proceed to correct that error by way of appeal1? We think not, upon principle. Section 6583 provides, indeed, for appeal to this court from any judgment of a justice in all cases not otherwise specially provided for by law; likewise Section 6708 provides for a review in error in this court of any judgment of a justice. Do these two statutes travel over the same ground, so that any appealable judgment may be reviewed on error, and vice versa? Most certainly not. We are clearly of the opinion that all such judgments of a justice as are based solely upon an application of the law to conceded facts are reviewable only in error; and such judgments only as are the result, in whole or in part, of weighing evidence, and adjusting disputes of fact, questions which contain mixed law and facts, are appealable. Therefore we think that the only remedy that Gares had on the costs side of the judgment was by petition in error, correctible but indirectly on appeal, only as an incident of the appeal on the facts.
Section 6591, upon which we taxed costs in this court, to the plaintiff, reads as follows:
“If any person appealing from a judgment rendered in his favor shall not recover a greater sum than the amount for which judgment was rendered, besides costs and the interest accruing thereon, every such appellant shall pay the costs on such appeal. ’ ’
J. II. Ilochman and Harris c6 Cameron, for plaintiff.
J. W. Slough, for defendant.
The language of this section would almost, if not quite, exclude the idea that the taxation of costs below had anything to do with determining where the costs should fall on appeal, but whether it does or not, it is the judgment of the court that the only thing appealable from was the decision on the question of fact: — how much did the defendant owe plaintiff, and that the taxation of costs followed only as an incident of the judgment, and that when the plaintiff fails to show this court that he is entitled to any greater recovery than he had in the court below, as the extent of defendant’s indebtedness to him, he is getting as much as he is entitled to whcu the court proceeds in his behalf to correct the lower court’s error in the taxation of costs. We have been cited to 14 C. C., 26; 3 Ohio, 380; 5 Ohio, 276; 31 Ohio State, 293; and Wright, 121 and 692, to the point that costs of successful party are to be taxed as part of the judgment. We are unable to read any of those cases as conflicting with the opinion above given.
Defendant contends that the justice was right in taxing costs below to plaintiff, because of the provisions of Section 5139 which provide for an offer to confess judgment before suit, etc. The facts, as shown upon the trial in this court, were that the parties met with the justice, who had for collection, as collector, not as justice, the claim of plaintiff that defendant owed him $70.50. Stever contended that his debt was but $57.10, and offered verbally then and there to pay it, giving the justice collector sixty dollars in bills for that purpose. Gares refused forthwith to take the money, and the bills wore immediately handed back to Stever. No record whatever was made of this action, nor was there anything said that could be construed as an offer to confess judgment for that amount. Stever was, and in fact all parties were, of the impression that a tender was being made. The tender was ineffectual to toll the costs for the reasons already given.
The court is of the opinion that its first judgment was right, and the same may be entered as of this day to preserve the rights of all parties, who may also have exceptions.

 See Gares v. Stever, 4 N. P.—N. S., 462.